FILED
10/25/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

PJJ    BC    10/25/2025



UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| E.L.O. Corporation<br><br>Plaintiff<br>v.<br>DALIL MEDOUKI (eBay accounts: handcraft-0, aziza-54, samihf0, mohrahm_47, khaelo-15, rhassane_0, masnoulha_0, aitosra0, abdellaha-61)<br><br>Defendant | Case Number: 2025-cv-11452<br><br>Judge: Honorable Matthew F. Kennelly<br><br>Magistrate Judge: Honorable Albert Berry |

## DEFENDANT'S MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER FOR LACK OF NOTICE AND SUPPORTING EVIDENCE AND FOR FAILING TO SHOW GOOD CAUSE TO MAINTAIN TRO

Defendant, appearing pro se, respectfully moves this Honorable Court to dissolve the Temporary Restraining Order ("TRO") entered on October 9, 2025 against defendant eBay accounts, on the grounds that Plaintiff has failed to provide Defendant with the supporting materials required by Rule 65(b) of the Federal Rules of Civil Procedure and the Local Rules of this Court. In support of this motion, Defendant states as follows:

### I. BACKGROUND

1. On **October 9, 2025**, the Court granted Plaintiff's *ex parte* motion for a Temporary Restraining Order in this action, Based on document 28 and stated by plaintiff "Temporary Restraining Order granted and entered by the Court on October 9, 2025…".

2. Defendant first received notice of the TRO on **October 15, 2025**, through an eBay notification that Defendant's accounts had been restricted pursuant to this Court's order.

3. As of the date of this filing, **October 25, 2025**, Defendant has not received from Plaintiff any of the materials that were allegedly submitted in support of the TRO — including the complaint, motion, memorandum, or supporting declarations and exhibits - more than 16 days after initial

TRO was granted and more than 30 days since complaint was made(Document 1, 09/22/2025).

## II. ARGUMENT

### A. Plaintiff's Failure to Serve Supporting Documents Violates Rule 65(b) and Due Process

1. Under **Federal Rule of Civil Procedure 65(b)(1)(B)**, a court may issue a TRO without notice only if the movant's attorney certifies in writing the efforts made to give notice and the reasons why notice should not be required. Once the TRO is entered and served, the opposing party is entitled to receive **all materials submitted in support of the motion** so it can meaningfully respond.

2. Plaintiff's failure to provide those materials deprives Defendant of the ability to understand the allegations or respond to the evidence the Court relied on in issuing the TRO. Continuing to restrain Defendant's account without disclosure of such information constitutes a violation of fundamental **due-process rights**.

### B. The TRO Should Be Dissolved Because There Is No Ongoing Harm or Infringing Activity

Defendant respectfully submits that there is no basis to continue the Temporary Restraining Order because there is no ongoing conduct capable of causing harm to Plaintiff.

As of the date of TRO issued by eBay 10/15/2025, Defendant's online accounts contain no listings, or sales of any items bearing or referencing the "ThighMaster" mark or any related designation.

Accordingly, there is no ongoing infringement, no likelihood of continued harm, and no justification for maintaining a restraining order that freezes Defendant's entire business operations.

> Injunctive relief is meant to prevent future injury, not to punish a party for past or speculative conduct. See *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (a plaintiff seeking injunctive relief must show that irreparable injury is "likely," not merely possible).

> Without evidence of continuing or imminent harm from defendant accounts, maintaining the TRO serves no equitable purpose and imposes undue hardship on Defendant's lawful and unrelated commerce.

### C. The TRO Is Overbroad and Causes Irreparable Harm to Defendant

The TRO effectively freezes Defendant's online account and prevents lawful business activities **entirely unrelated** to the allegedly infringing product. Such overbroad relief is inequitable and imposes severe hardship without adequate factual support.

Because the TRO restrains the entirety of Defendant's account, it has halted the sale of numerous legitimate, non-infringing products. As a result, Defendant is suffering substantial financial losses estimated at **$2,000 to $4,000 per day**. As of the date of this filing, those damages have already accumulated to approximately **$30,000** in lost revenue from legitimate sales unrelated to this action.

Injunctive relief is intended to preserve the status quo — not to destroy a defendant's business before liability is proven. If Plaintiff believes broader restraints are warranted, it must come forward with specific, verifiable evidence — not rely on a secret, *ex parte* record that deprives Defendant of the opportunity to contest those claims.

### D. Plaintiff Has Not Shown Good Cause to Maintain the TRO Under Rule 65(b)(2)

Plaintiff's assertions in support of keeping the Temporary Restraining Order in place are speculative and unsupported by evidence specific to this Defendant. In its filing, Plaintiff claimed that defendants "will likely attempt to move assets, destroy evidence, or continue to infringe," and therefore requested to extend the TRO. (Plaintiff's Motion to Extend TRO Document 28.) These allegations are broad, generalized statements that do not identify any conduct by this Defendant.

As of the date of TRO imposed on defendant 10/15/2025, **Defendant has no listings, or sales of any items bearing or referencing the "ThighMaster" mark**, and has taken no action to conceal assets or interfere with this Court's proceedings. Plaintiff has provided no declaration or documentation showing any ongoing infringement or risk of asset dissipation by this Defendant.

Because the extraordinary relief of a TRO must be supported by concrete facts rather than speculation, Plaintiff has failed to show the "good cause" required under **Federal Rule of Civil Procedure 65(b)(2)** to maintain the order. Continuing to restrain Defendant's lawful business activities in the absence of any evidence of ongoing harm serves no equitable purpose and imposes severe financial injury—estimated at $2,000–$4,000 per day, now totaling approximately $30,000. Accordingly, the TRO should be **dissolved in its entirety** as to Defendant accounts.

### III. RELIEF REQUESTED

WHEREFORE, Defendant respectfully requests that the Court:

1. **Order Plaintiff to immediately provide all documents and exhibits** submitted in support of the TRO entered on October 9, 2025 and complaint issued on September 22, 2025;

2. **Dissolve the TRO** as to Defendant accounts for lack of notice and evidentiary support for his eBay accounts and as Plaintiff Has Not Shown Good Cause to Maintain the TRO against defendant;

3. Grant such other and further relief as the Court deems just and proper.

**Respectfully submitted,**
**DALIL MEDOUKI**
**eBay Accounts: handcraft-0, aziza-54, samihf0, mohrahm_47, khaelo-15, rhassane_0, masnoulha_0, aitosra0, abdellaha-61**
**AVENUE IB DAOUD SERGHINI BLOC D NR 195, YOUSSOUFIA, Morocco, 46300**

**0656414904**
**sol686734@gmail.com**

*Dalil*

10/25/2025