UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| E.L.O. Corporation,<br><br>Plaintiff,<br><br>v.<br><br>The Partnerships Identified on Schedule A,<br><br>Defendants. | Case No.: 1:25-cv-11452<br><br>Judge Matthew F. Kennelly<br><br>Magistrate Judge Albert Berry III |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION**

Plaintiff, E.L.O. Corporation, ("ELO" or "Plaintiff") submits this Memorandum of Law in support of its Motion for Entry of a Preliminary Injunction.

**MEMORANDUM OF LAW**

I.     **INTRODUCTION**

Plaintiff, E.L.O. Corporation, brings the present action against the defendants identified on Amended Schedule A to the Amended Complaint (collectively, the "Defendants") for federal trademark infringement and counterfeiting (Count I), false designation of origin, passing off, and unfair competition (Count II), and violation of the Illinois Uniform Deceptive Trade Practices Act (Count III). As alleged in ELO's Amended Complaint [15], the Defendants are promoting, advertising, distributing, offering for sale, and selling products using counterfeit versions of ELO's federally registered ThighMaster Trademark[1] ("Counterfeit Products") through various fully interactive, commercial Internet stores operating under at least the online marketplace accounts identified on Amended Schedule A to the Amended Complaint (collectively, the "Defendant Internet Stores" or "Seller Aliases").

II.     **STATEMENT OF FACTS**

On October 9, 2025, this Court granted E.L.O. Corporation's *Ex Parte* Motion for Entry of a Temporary Restraining Order (the "TRO"). [24]. The TRO authorized ELO to provide notice of these proceedings and the preliminary injunction hearing to Defendants by electronically publishing a link to the Amended Complaint, the TRO, and other relevant documents on a website, and by sending an email to the email addresses provided for Defendants by third parties which includes a link to said website as well as a copy of the documents filed by the Plaintiff. [24] at ¶ 8. This Court granted ELO's *Ex Parte* Motion to Extend the Temporary Restraining Order until November 6, 2025. [30]. Since, and pursuant to entry of the TRO, several financial accounts associated with the Defendant Internet Stores have been frozen. *See* the Declaration of Ann Marie

---

[1] A true and correct copy of Plaintiff's federally registered trademark was attached as Exhibit 1 to the Amended Complaint, and was further defined as the "ThighMaster Trademark," in the Amended Complaint.

1

Sullivan (hereinafter, "Sullivan Declaration") at ¶ 2.

Plaintiff respectfully requests that this Court convert the TRO to a preliminary injunction against Defendants, so that they remain enjoined from the manufacture, importation, distribution, offering for sale, and sale of Counterfeit Products during the pendency of this litigation. As part of the Preliminary Injunction, ELO requests that Defendants' financial accounts remain frozen until completion of these proceedings.

### III. ARGUMENT

#### A. A Preliminary Injunction Extending Relief Already Granted in the TRO Is Appropriate

Plaintiff respectfully requests that this Court convert the TRO to a preliminary injunction to prevent further unlawful conduct by Defendants. Courts addressing similar allegations of Internet-based counterfeiting have also issued preliminary injunctions following a temporary restraining order. *See, e.g., Deckers Outdoor Corporation v. The Partnerships, et al.,* No. 15-cv-3249 (N.D. Ill. May 6, 2015) (unpublished).

##### i. This Court has Already Found that the Requirements for a Preliminary Injunction have been Satisfied

The standard for granting a TRO and the standard for granting a preliminary injunction are identical in this Circuit; as such, the requirements for entry of a preliminary injunction extending the TRO have been satisfied. *See, e.g., Charter Nat'l Bank & Trust v. Charter One Fin., Inc.*, 2001 WL 527404, at *1 (N.D. Ill. May 15, 2001) (citations omitted). A temporary restraining order or preliminary injunction may be issued upon a showing that: "(1) there is a reasonable likelihood that Plaintiff will succeed on the merits; (2) Plaintiff will suffer irreparable injury if the order is not granted because there is no adequate remedy at law; (3) the balance of hardships tips in Plaintiff's favor; and (4) the public interest will not be disserved by the injunction." *Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1076 (N.D. Ill. 1996). By virtue of this Court's

entry of the TRO, it has already found that the above requirements have been satisfied.

        ii.       <u>The Equitable Relief Sought Remains Appropriate</u>

The Lanham Act authorizes courts to issue injunctive relief "according to principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark …." 15 U.S.C. § 1116(a).

ELO requests conversion of the TRO to a preliminary injunction so that Defendants' accounts in U.S.-based financial institutions remain frozen. Since entry of the TRO, e-commerce platforms such as eBay, Inc. ("eBay"), as well as payment processors such as PayPal, Inc. ("PayPal"), and Stripe, Inc. ("Stripe") (collectively referred to herein as "Payment Processors"), have provided ELO with information, including the identification of several financial accounts linked to the Defendant Internet Stores which were offering for sale and/or selling Counterfeit Products.[2] In the absence of a preliminary injunction, Defendants may attempt to move assets from accounts in U.S.-based financial institutions to offshore accounts. Therefore, Defendants' assets should remain frozen for the remainder of the proceedings.

The amount of damages to which ELO is entitled, as set forth in the Amended Complaint, far exceeds any amount contained in any of the Defendants' frozen financial accounts. For example, ELO's prayer for relief requests statutory damages which can be up to $2 million per Defendant. [15]. In addition, and as established in ELO's TRO Memorandum [19], many federal courts, including the Northern District of Illinois, have granted orders preventing the fraudulent transfer of assets. *See, e.g., Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc.*, 2005 WL 3115892 (N.D. Ill. Nov. 8, 2005). As such, an order continuing to freeze the Defendants' assets should be granted.

---

[2] As of the date of this filing, Plaintiff is awaiting response from payment processor Payoneer, Inc. ("Payoneer").

3

## IV. CONCLUSION

In view of the foregoing, ELO respectfully requests that this Court enter the preliminary injunction against the Defendants identified on Amended Schedule A.

| | |
|---|---|
| Dated: October 30, 2025 | Respectfully submitted, |
| | */s/ Gouthami V. Tufts* <br> Ann Marie Sullivan <br> Alison K. Carter <br> Gouthami V. Tufts <br> John Mariane |
| | **SULLIVAN & CARTER, LLP** <br> 111 W Jackson Blvd Ste 1700 <br> Chicago, Illinois 60604 <br> www.scip.law <br> 929-724-7529 <br> g.tufts@scip.law |
| | ***ATTORNEYS FOR PLAINTIFF*** |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 30, 2025 a true and correct copy of the above and foregoing document was: electronically filed, with the Clerk of the Court using the CM/ECF system; electronically published on a website to which the Defendants have been directed pursuant to the Service of Process; and emailed to all email addresses identified or provided for Defendants by the Defendants or third-parties, which includes a link to said website and a copy of the documents which have been filed by the Plaintiff.

*/s/ Gouthami V. Tufts*
Gouthami V. Tufts