



11/1/2025

**FILED**
11/1/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

QR

**UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS**



| | |
|---|---|
| E.L.O. Corporation | Case Number: **2025-cv-11452** |
| Plaintiff v. | Judge: **Honorable Matthew F. Kennelly** |
| DALIL MEDOUKI (eBay accounts: handcraft-0, aziza-54, samihf0, mohrahm_47, khaelo-15, rhassane_0, masnoulha_0, aitosra0, abdellaha-61) | Magistrate Judge: **Honorable Albert Berry** |
| Defendant | |

# DEFENDANT'S RESPONSE AND OPPOSITION TO PLAINTIFF MOTION FOR PRELIMINARY INJUNCTION FOR FAILING TO SHOW GOOD CAUSE

Defendant **DALIL MEDOUKI**, appearing pro se, respectfully submits this Response and Opposition to Plaintiff's Motion for Preliminary Injunction against defendant accounts. Plaintiff has failed to demonstrate the "good cause" and evidentiary basis required to convert a temporary restraining order into a preliminary injunction under Rule 65 of the Federal Rules of Civil Procedure and the equitable standards governing such extraordinary relief.

## I. INTRODUCTION AND PROCEDURAL BACKGROUND

Defendant respectfully submits this filing to clarify the procedural history of this case and the sequence of relevant events:

1. **September 22, 2025** – Plaintiff filed the **Complaint** (Document 1) commencing this action.

2. **October 9, 2025** – The Court granted Plaintiff's **Ex Parte Motion for Temporary Restraining Order ("TRO")**.

3. **October 15, 2025** – Defendant first became aware of the TRO when eBay froze Defendant's accounts and restricted access to business funds pursuant to the Court's order.

4. **October 19, 2025** – Defendant, appearing *pro se* as a sole proprietor, filed a **Motion to Participate as Pro Se Sole Proprietor, Motion to Participate in Future Hearings via Telephone, and Motion to Dismiss**

**TRO.**

5. **October 23, 2025** – Due to administrative delay in the pro se electronic filing process, Defendant's motions filed on October 19 were not officially entered on the docket until this date (**Document 31**).

6. **October 21, 2025** – In the interim, and before Defendant's motion was reflected on the record, the Court **extended the TRO ex parte**, without a hearing or Defendant's participation (**Document 30**).

7. **October 24, 2025** – The Court granted **Pro se** appearing of defendant and issued an order directing **Plaintiff's counsel to promptly contact Defendant** to confer and attempt to reach a resolution (**Document 32**).

8. **October 25, 2025** defendant filed a motion to dissolve temporary restraining order for lack of notice and supporting evidence and for failing to show good cause to maintain tro. (Document 33)

9. **October 28, 2025** Court extended temporary restraining order previously entered through 11/10/2025, hearing for motion to dissolve and preliminary injunction was set for 11/10/2025.

10. **October 28, 2025** – Plaintiff's counsel contacted Defendant via email for the first time, providing case details and copies of relevant filings - 36 Days after filing complaint and 19 days after initial TRO request was granted by court.

11. **October 30, 2025** – Plaintiff filed a motion for entry of a preliminary injunction.

# II. ARGUMENT

### A. Plaintiff Has Failed to Establish Personal Jurisdiction

1. As shown in **Exhibits A–I**, the only alleged U.S. transactions involve purchases initiated by Plaintiff or its agents using controlled addresses and the same username connected to Plaintiff's counsel. No genuine Illinois consumer or any USA Consumer ever purchased any product from Defendant that is claimed to be "infringing".

2. The Seventh Circuit court centers on whether the defendant has sufficient minimum contacts with Illinois such that exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc., 751 F. 3d 796, 800-801 (7th Cir. 2014), citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). In Guinness World Records v. Doe, 664 F. Supp. 2d 927 (N. D. Illinois 2009), the court states "This Court's view has always been that in these times of electronic communication, any ruling that would convert the ubiquitous website into its owner's consent to be haled into court whenever the website has penetrated the forum in electronic terms would erase all of the lines that the courts - including the Supreme Court and, of course, our Court of Appeals - have traditionally marked out to define the rules of decision on in personam jurisdiction: If that erasure were to take place, everyone with a website might arguably be sued everywhere". Guinness World Records, 664 F. Supp. 2d 927.

   In Advanced Tactical, although Real Action fulfilled several orders of the allegedly infringing projectiles for purchasers in Indiana, the 7th Circuit Court found that "Not only did Advanced Tactical fail to link the few sales to Real Action's litigation-specific activity, but even if it did, it is unlikely that those few sales alone, without some evidence linking them to the allegedly tortious activity, would make jurisdiction proper. See Calder v. Jones, 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984). To hold otherwise would mean that a plaintiff could bring suit in literally any state where the defendant shipped at least one item. The creation of such de facto universal jurisdiction runs counter to the approach the Court has followed since International Shoe, and that it reaffirmed as recently as February 2014 in Walden. See also Goodyear Dunlop Tires Operations, S.A. v. Brown, U.S., 131 S.Ct. 2846, 2851, 180 L.Ed.2d 796 (2011)". Advanced Tactical, 751 F. 3d 802. Similarly, in Be2 LLC v. Ivanov, the court found no specific personal jurisdiction even though defendants' website offered free dating profiles to consumers in all 50 states and twenty Illinois residents created free profiles on the website. Be2 LLC, 642 F. 3d 555, 559 (7th Cir. 2011). In Guinness World Records Ltd. v. Doe, the court found no personal jurisdiction in a trademark case where defendant operated a website and executed a general email marketing

campaign that reached Illinois consumers and generated three sales of its products to two Illinois residents, involving total gross sales of $1,153 because such conducts were "de minimis contacts". <u>Guinness World Records</u>, 664 F. Supp. 2d 927, 929 (N. D. Illinois 2009). Finally, the Supreme Court has made clear that for the purposes of personal jurisdiction, the plaintiff or its agents can't be the only link between the defendant and the forum". <u>Walden v. Fiore</u>, 571 U.S. 277, 285 (2014). Therefore, plaintiff's exhibits, the agent's screenshots, and plaintiff's private investigator's evidence are not relevant to or admissible evidence of personal jurisdiction. "Jurisdiction may not be manufactured by the conduct of others".

See also, <u>Matlin v. Spin Master Corp</u>., 921 F.3d 701, 706 (7th Cir. 2019) (personal jurisdiction lacking where, despite a sale being made to Illinois resident, the sale was "a single incident conjured up by the plaintiff's attorney for the exclusive purpose of establishing jurisdiction over the defendants.").

<u>Chung v. NANA Dev. Corp</u>., 783 F. 2d 1124, 1127 (4th Cir. 1986); <u>Haggerty Enterprises, Inc.v. Lipan Indus. Co</u>., 2001 WL 968592, at *4 (N.D. Ill. Aug. 23,2001). To hold otherwise would create a sweeping "forum shopping" rule and would directly violate the Supreme Court's prohibition against "allowing the plaintiff to be the only link between the defendant and the forum". <u>Walden v. Fiore</u>, 571 U.S. 277, 285 (2014). The screenshots of Plaintiff or his agents do not establish the kind of "contacts" that "demonstrate a real relationship with the state with respect to the transaction at issue", and do not comport with the traditional notions of fair play and substantial justice.

3. Defendant has no offices, employees, property, or bank accounts in Illinois and has never targeted Illinois residents. All sales occur through global online marketplaces administered by third-party platforms.

Accordingly, the Complaint, TRO and Preliminary Injunction should be dismissed as to this Defendant for lack of personal jurisdiction.

---

**B. Plaintiff Has Not Demonstrated a Likelihood of Success on the Merits**

1. The record contains no evidence that Defendant knowingly sold counterfeit goods or used Plaintiff's mark to confuse consumers.

2. The items Plaintiff references that were sold were fulfilled by Amazon and arrived in Amazon packaging with Amazon gift receipts (see Exhibit A-I). This proves that the products were not created or manufactured by Defendant.

3. Without proof of actual sales to U.S. consumers or use of Plaintiff's protected mark in commerce, Plaintiff cannot establish likelihood of success under the Lanham Act.

---

**C. Plaintiff Has Not Shown Irreparable Harm**

1. The purpose of a TRO is to preserve the status quo, not to punish or paralyze a business.

2. Plaintiff has offered no evidence of continuing sales or risk of asset dissipation by Defendant. Generalized statements that defendants might transfer funds offshore or close accounts do not constitute "good cause."

3. Defendant's accounts remain frozen, preventing withdrawal of lawful earnings from unrelated products (see Exhibits A - I). Each day the freeze remains in place causing losses estimated at $2,000–$4,000(see Exhibits A - I), totaling approximately $30,000 to date, where total sales were 381.57$ - All initiated by plaintiff - none created by other consumers in the USA Or Illinois (See Exhibit A - I, Exhibit I for total sales and defendant total funds on hold).

Because the TRO inflicts greater harm on Defendant than it prevents for Plaintiff, equity requires its dissolution.

---

**D. The Balance of Equities and Public Interest Favor Dissolution**

1. Defendant has ceased all accused activity and acted in good faith throughout these proceedings.

2. Continuing to freeze a small business's legitimate revenue based on speculative harm undermines public confidence in fair judicial processes

and discourages lawful commerce.

3. Courts routinely deny or dissolve injunctions where the balance of hardships favors the defendant and the plaintiff fails to present specific evidence of ongoing infringement or irreparable injury.

---

## E. The TRO and Requested Preliminary Injunction Cannot Stand Under the Lanham Act

1. **The Lanham Act authorizes only equitable relief consistent with principles of fairness and proportionality.**
   Under **15 U.S.C. § 1116(a)**, injunctive relief may be issued "according to the principles of equity and upon such terms as the court may deem reasonable." This language limits the Court's power to measures that are *necessary* to prevent continuing violations — not to impose punitive or speculative restraints. The TRO entered here violates that limitation. It freezes all of Defendant's funds and operations even though Plaintiff has failed to prove any ongoing infringement or continuing likelihood of consumer confusion.

2. **Plaintiff cannot show "use in commerce" or any actionable infringing conduct.**
   The Lanham Act prohibits the *use in commerce* of a registered mark in a manner likely to cause confusion. See **15 U.S.C. § 1114(1)(a)**. The record contains no evidence that Defendant sold, shipped, or offered any goods bearing Plaintiff's "ThighMaster" mark to U.S. or Illinois consumers. The only transactions alleged are *test purchases* orchestrated by Plaintiff's own investigator. Courts repeatedly hold that such self-initiated purchases do not constitute "use in commerce" or infringing sales. They create no consumer confusion and thus cannot establish liability under § 1114.

   Plaintiff's exhibits, including its own photographs, show products fulfilled by **Amazon** and shipped in **Amazon packaging with Amazon gift receipts** — proof that Defendant did not manufacture, label, or ship any goods using the "ThighMaster" mark. (See Exhibits A - I.) Without genuine commercial sales to U.S. buyers, Plaintiff's claims collapse at the threshold element of the Lanham Act.

3. **Plaintiff has not proven likelihood of success on the merits under the Lanham Act.**

   To obtain injunctive relief, Plaintiff must establish a *likelihood* of success on its Lanham Act claims. A single, plaintiff-manufactured test sale cannot show ongoing trademark use or intent to confuse the public. Defendant immediately removed any questioned listings, ending all potential use of Plaintiff's mark. The absence of continued listings, coupled with lack of consumer confusion evidence, precludes any finding of probable success on the merits.

4. **There is no irreparable harm within the meaning of the Lanham Act amendments.**

   Even after the **Trademark Modernization Act of 2020**, the presumption of irreparable harm arises only when a plaintiff establishes actual or likely success on the merits. 15 U.S.C. § 1116(a). Because Plaintiff has not demonstrated any infringing use by Defendant, no presumption applies. Plaintiff presents no consumer complaints, lost-sales data, or marketplace evidence of confusion. Absent such proof, continued restraint of Defendant's funds cannot be justified as an equitable measure under § 1116.

5. **The TRO exceeds the equitable limits recognized in Lanham Act jurisprudence.**

   The asset freeze imposed here functions as a *general attachment* of Defendant's property rather than a narrowly tailored injunction preventing trademark misuse. The Supreme Court has condemned such broad, punitive freezes. Federal courts applying the Lanham Act uniformly require that any restraint be limited to proceeds *traceable to the alleged infringing sales.* See, e.g., *Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc.*, 2005 WL 3115892 (N.D. Ill. Nov. 8, 2005). Plaintiff offers no accounting or evidence tracing specific funds to any infringing activity. The existing freeze therefore exceeds what § 1116 authorizes.

6. **Equity and public interest favor dissolution of the TRO under the Lanham Act framework.**

   The purpose of Lanham Act injunctive relief is to prevent deception in the marketplace — not to destroy lawful businesses or deprive defendants of property absent proof of wrongdoing. Here, the ongoing freeze blocks access to legitimate revenues from unrelated, non-accused products. Such an overbroad restraint harms the public by discouraging small

sellers from participating in U.S. marketplaces and undermines the equitable balance that § 1116(a) requires. The public interest in fair competition and proportionate enforcement outweighs Plaintiff's speculative fears.

---

**For these reasons, the TRO and any request to convert it into a Preliminary Injunction fail under the Lanham Act and established equitable principles.** Plaintiff has not shown "use in commerce," likelihood of success, or irreparable harm as required by §§ 1114 and 1116, and the Court should therefore dissolve the TRO and deny the requested preliminary injunction.

---

### III. RELIEF REQUESTED

WHEREFORE, Defendant respectfully requests that the Court:

1. **Deny Plaintiff's Motion for Preliminary Injunction as to the defendant;**

2. **Dissolve the Temporary Restraining Order** as to Defendant and order immediate release of his frozen funds in eBay and Payoneer; or, in the alternative, limit any injunctive relief to specific, proven transactions and amounts traceable to them; and

3. Grant such other and further relief as the Court deems just and proper.

**Declaration of DALIL MEDOUKI**
I, DALIL MEDOUKI, declare under penalty of perjury that the attached

Exhibits A through I are true and correct copies of eBay records from accounts I operate. Date of Screenshots - 10/31/2025.

Maximum sales data available to eBay sellers was shown in Exhibits (2 years back from current date).

Of the 40 listings identified by Plaintiff, only 10 resulted in any sales, and **ALL** of those sales were purchases made directly by Plaintiff or its representative or investigator - All of which were fulfilled by Amazon Sellers whose names are visible in Exhibits. No other customers purchased these items, not in the USA or in Illinois.

Accordingly, there was no ongoing sale or distribution of any allegedly infringing items to the public.

Executed on 11/1/2025.



# EXHIBIT A - Account abdellaha-61

### eBay Item ID: 396379821107



## eBay Item ID: 396379821526



## eBay Item ID: 396379821641



# eBay Item ID: 396379824001



# eBay Item ID: 396379824033



**Bought directly from Amazon - Amazon Order ID: 114-3113256-8948245**





**Plaintiff proof of purchase as sent via email - Clearly shown item was ordered directly from Amazon - bought by plaintiff/investigator on his behalf:**

**ABDELLAHA-61** CONTINUED

## Shipping Packaging

 

 

**ABDELLAHA-61** CONTINUED

### Physical Product



# eBay Item ID: 396379826543



# eBay Item ID: 396379833307



# eBay Item ID: 396379837279



# eBay Item ID:  396379841170



## eBay Item ID:  396379845560



## eBay Item ID:  396379846205



# eBay Item ID: 396379846732



## Total sales amount: 42.90$ (Prior sales tax) - bought by eBay buyer: ==vimau_6785==



## Funds on hold as of 10/31/2025 - 2,414.09$



# EXHIBIT B - Account aitosra0

## eBay Item ID: 297214686805



## eBay Item ID: 297214695021



## eBay Item ID: 297214706560



**eBay Item ID: 297214707593**

**Bought directly from Amazon - Amazon Order ID: 112-6655499-5529045**



**Plaintiff proof of purchase as sent via email - Clearly shown item was ordered directly from Amazon - bought by plaintiff/investigator on his behalf:**

## Shipping Packaging









## Physical Product





## Total sales amount: 48.59$ (Prior sales tax) - bought by eBay buyer: ==vimau_6785==



## Funds on hold as of 10/31/2025 - 3,479.06$



# EXHIBIT C - Account aziza-54

## eBay Item ID: 396302922636



## eBay Item ID: 396302926418



## Bought directly from Amazon - Amazon Order ID: 112-6128369-0325065





**Photo proof provided by plaintiff that item bought by plaintiff/investigator/on his behalf:**



**eBay Item ID: 396302930871**



## eBay Item ID: 396464704736



## eBay Item ID: 396464716067



## Bought directly from Amazon - Amazon Order ID: 113-4139166-4320202





**Plaintiff proof of purchase as sent via email - Clearly shown item was ordered directly from Amazon - bought by plaintiff/investigator on his behalf:**

AZIZA-54                                                          CONTINUED

**Shipping Packaging**






## Physical Product





**Total sales amount: 67.12$ (Prior sales tax) - bought by eBay buyer:**
==**vimau_6785**==



# Funds on hold as of 10/31/2025 - 5,967.32$



# EXHIBIT D - Account handcraft-0

## eBay Item ID: 396168461401



## Bought directly from Amazon - Amazon Order ID: 112-5794416-0056218





**Plaintiff proof of purchase as sent via email - Clearly shown item was bought by plaintiff/investigator on his behalf:**



## Total sales amount: 37.25$ (Prior sales tax) - bought by eBay buyer: ==vimau_6785==



## Funds on hold as of 10/31/2025 - 2,023.43$



# EXHIBIT E - Account khaelo-15

## eBay Item ID: 205234356054



## Bought directly from Amazon - Amazon Order ID: 111-6237911-2026611





**Plaintiff proof of purchase as sent via email - Clearly shown item was ordered directly from Amazon - bought by plaintiff/investigator on his behalf:**

## Shipping Packaging







**KHAELO-15** **CONTINUED**

## Physical Product





**Total sales amount: 37.18$ (Prior sales tax) - bought by eBay buyer: vimau_6785**



## Funds on hold as of 10/31/2025 - 2,875.41$



# EXHIBIT F - Account masnoulha_0

## eBay Item ID: 167319148323



## Bought directly from Amazon - Amazon Order ID: 114-0275411-9735478



**Plaintiff proof of purchase as sent via email - Clearly shown item was ordered directly from Amazon - bought by plaintiff/investigator on his behalf:**

## Shipping Packaging

 

 

**Physical Product**





**eBay Item ID: 167319147556**



# eBay Item ID: 167319148113



# eBay Item ID: 167319148348



**Total sales amount: 27.16$ (Prior sales tax) - bought by eBay buyer:**
**vimau_6785**



**Funds on hold as of 10/31/2025 - 2,826.08$**



# EXHIBIT G - Account mohrahm_47

## eBay Item ID: 396395995320



## eBay Item ID: 396395995921



## eBay Item ID: 396396003026



## eBay Item ID: 396396003691



## eBay Item ID: 396465207280



**Bought directly from Amazon - Amazon Order ID: 114-6448173-7785813**





**Plaintiff proof of purchase as sent via email - Clearly shown item was ordered directly from Amazon - bought by plaintiff/investigator on his behalf:**

## Shipping Packaging






**Physical Product**





## eBay Item ID: 396465214148



## Total sales amount: 37.25$ (Prior sales tax) - bought by eBay buyer: vimau_6785



## Funds on hold as of 10/31/2025 - 3,338.52$



# EXHIBIT H - Account rhassane_0

## eBay Item ID: 146356426636



## eBay Item ID: 146356426670



**eBay Item ID: 146356429336**



**eBay Item ID: 146356431036**



**Bought directly from Amazon - Amazon Order ID: 114-1940935-3109009**





**Plaintiff proof of purchase as sent via email - Clearly shown item was ordered directly from Amazon - bought by plaintiff/investigator on his behalf:**

## Shipping Packaging






## Physical Product





**eBay Item ID:  146356432425**



**eBay Item ID: 146356436526**



**Total sales amount: 41.22$ (Prior sales tax) - bought by eBay buyer: vimau_6785**



# Funds on hold as of 10/31/2025 - 2,252.38$



# EXHIBIT I - Account samihf0

**eBay Item ID:  387952740258**



**Bought directly from Amazon - Amazon Order ID: 114-6734142-5796231**





**Plaintiff proof of purchase as sent via email - Clearly shown item was ordered directly from Amazon - bought by plaintiff/investigator on his behalf:**

## Shipping Packaging






**Physical Product**





**Total sales amount: 42.9$ (Prior sales tax) - bought by eBay buyer: vimau_6785**



## Funds on hold as of 10/31/2025 - 4,157.28$



## Total Sales from ==All Defendant accounts==: ==381.57$==
## ==ALL== bought by plaintiff/investigator on his behalf and Purchased From buyer with username of ==vimau_8785.==

## Total Funds on Hold as of 10/31/2025: ==29,333.57$==

**Respectfully submitted,**
**DALIL MEDOUKI**
**eBay Accounts: handcraft-0, aziza-54, samihf0, mohrahm_47, khaelo-15, rhassane_0, masnoulha_0, aitosra0, abdellaha-61**
**AVENUE IB DAOUD SERGHINI BLOC D NR 195, YOUSSOUFIA, Morocco, 46300**
**0656414904**
**sol686734@gmail.com**

*DALIL*

11/1/2025