UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| E.L.O. Corporation<br><br>Plaintiff,<br><br>v.<br><br>The Partnerships Identified On Schedule A,<br><br>Defendants. | Case No.: 1:25-cv-11425<br><br>Honorable Judge Matthew F. Kennelly |

### PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISSOLVE THE TEMPORARY RESTRAINING ORDER

Plaintiff, E.L.O. Corporation ("ELO" or "Plaintiff"), by and through its undersigned counsel, hereby submits its Response in Opposition to the pending Motion to Dissolve the Temporary Restraining Order (the "Motion"), filed by the following defendants: Def. No. 2. abdellaha-61, Def. No. 3. aitosra0, Def. No. 6. aziza-54, Def. No. 31. handcraft-0, Def. No. 37. khaelo-15, Def. No. 55. masnoulha_0, Def. No. 60. mohrahm_47, Def. No. 88. rhassane_0, Def. No. 91 samihf0 (herein the "Moving Defendants"). [33].

### FACTUAL BACKGROUND

On September 26, 2025, Plaintiff filed its Amended Complaint. [15]. On September 23, 2025, this Court granted Plaintiff leave to file certain documents under seal. [14]. On October 7, 2025, Plaintiff filed its *Ex Parte* Motion for Entry of a Temporary Restraining Order ("TRO") under seal against all defendants, including Moving Defendants. [18]. On October 9, 2025, this Court granted Plaintiff's motion and entered the TRO against the defendants. [24]. On October 17, 2025, Moving Defendants appeared *pro se* under the individual Dalil Medouki. [27]. On October 27, 2025, Moving Defendants filed the present Motion. [33]. On October 28, 2025, this Court

1

directed Plaintiff to file a written response to the Motion by November 5, 2025. [34]. On October 30, 2025, Plaintiff filed its motion to convert the TRO into a preliminary injunction and served the defendants. *See* [35] and [37].

## ARGUMENT

Moving Defendants are seeking to dissolve the TRO on the grounds that (1) Plaintiff violated Fed. R. Civ. P. 65(b) and due process by failing to serve all materials in support of its motion (2) there is no ongoing harm or infringing activity on the part of the Moving Defendants, and (3) the TRO is overbroad and causes irreparable harm to the Moving Defendants. Moving Defendants also argue that Plaintiff has not shown good cause to extend the TRO by an additional fourteen days.

As a preliminary matter, Moving Defendants argue that they are "entitled to receive all materials submitted in support of the motion" and that Plaintiff failed to provide these materials. However, on October 28, 2025, in response to Moving Defendants' email, Plaintiff's counsel provided Moving Defendants with a copy of the Complaint, exhibits to the Complaint, Plaintiff's Motion for TRO, and all supporting documents – including all evidence submitted in reference to Moving Defendants, as well as a copy of the Temporary Restraining Order entered by this Court. Moreover, service of process was effectuated on all Defendants on October 30, 2025. [37]. Second, Moving Defendants argue that they cannot "meaningfully respond" to Plaintiff's motion for a TRO without those documents. However, once Moving Defendants received all of the relevant pleadings and evidence in support of Plaintiff's motion for TRO, Moving Defendants did file a substantive response – *i.e.*, they have not meaningfully responded. *See* [38]. Finally, Plaintiff notes that because the Court has extended the TRO past 28 days, the Court converted the TRO into a preliminary injunction. *See United Airlines, Inc. v. U.S. Bank N.A.*, 406 F.3d 918, 923 (7th Cir.

2

2005).

I.     THE TRO IS PROPER AND SHOULD NOT BE DISSOLVED

    A.     **Plaintiff did not violate Fed. R. Civ. P. 65(b) and due process**

Moving Defendants argue that the TRO should be dissolved because Plaintiff violated Fed. R. Civ. P. 65(b) and their due process rights by "failing to provide Defendant with the supporting materials required by Rule 65(b) of the Federal Rules of Civil Procedure." [33]. However, in granting the Temporary Restraining Order, this Court found that "issuing this Order *without notice* pursuant to Rule 65(b)(1) was appropriate." [24].

Rule 65(b) of the Federal Rules of Civil Procedure provides that the Court may issue an *ex parte* TRO, where immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party can be heard in opposition and that the movant explains why notice should not be required. Fed. R. Civ. P. 65(b). Furthermore, courts have recognized that civil actions against counterfeiters present special challenges that justify proceeding on an *ex parte* basis. *See Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1077 (N.D. Ill. 1996) (observing that "proceedings against those who deliberately traffic in infringing merchandise are often useless if notice is given to the infringers").

Here, in support of its motion for a TRO, Plaintiff detailed that it would suffer immediate and irreparable harm absent a granting of a TRO. [19] at pp. 4-5, 8-10. In particular, Moving Defendants would likely register new online marketplace accounts under new aliases, modify registration data and content, change hosts, redirect traffic to other websites in their control, and move any assets from U.S.-based bank accounts to offshore bank accounts, outside the jurisdiction of this Court. *Id.* at p. 5. Additionally, Moving Defendants' unauthorized use of the ThighMaster Trademark irreparably harmed Plaintiff through diminished goodwill and brand confidence, damage to Plaintiff's reputation, loss of exclusivity, and loss of future sales. *Id.* at p. 9. Finally,

3

Plaintiff notes that, at the time it filed its motion for a TRO, it did not know either the identities of Moving Defendants or their contact information, and so it would have been unable to provide notice of the then pending TRO even if notice was warranted.

      **B.    The TRO should not be dissolved because Plaintiff will suffer irreparable harm absent injunctive relief**

Moving Defendants argue that the TRO should be dissolved because there is no ongoing harm or infringing activity. However, that is not the correct standard. The standard is whether Plaintiff will suffer irreparable harm if the injunctive relief is not granted. *See Ty, Inc. v. The Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001).

As far as irreparable harm in trademark infringement, the Seventh Circuit has "clearly and repeatedly held that damage to a trademark holder's goodwill can constitute irreparable injury for which the trademark owner has no adequate legal remedy." *Re/Max N. Cent., Inc. v. Cook*, 272 F.3d 424, 432 (7th Cir. 2001) (citing *Eli Lilly & Co. Natural Answers, Inc.*, 233 F.3d 456, 469 (7th Cir. 2000)). Furthermore, irreparable injury "almost inevitably follows" when there is a high probability of confusion because such injury "may not be fully compensable in damages." *Helene Curtis Industries, Inc. v. Church & Dwight Co., Inc.*, 560 F.2d 1325, 1332 (7th Cir. 1977) (citation omitted). Here, Plaintiff has detailed in its motion and submissions that it will suffer irreparable harm in the absence of injunctive relief.

      **C.    The TRO is not overbroad and Moving Defendants are not irreparably harmed**

Moving Defendants argue that the TRO is overbroad and causes Moving Defendants irreparable harm. However, the equitable relief Plaintiff sought was appropriate to stop the irreparable harm caused by Moving Defendants' counterfeiting activities. By removing Moving Defendants' infringing product listings, Plaintiff ensured that Moving Defendants were no longer actively infringing upon the ThighMaster Trademark during the pendency of this action. By

4

restraining Moving Defendants' assets, Plaintiff ensured that Moving Defendants did not fraudulently transfer its funds to an out-of-jurisdiction account frustrating Plaintiff's ability to seek an accounting. By seeking expedited discovery, Plaintiff was able to ascertain the identities and contact information of Moving Defendants to be able to provide service of process as well as notice of its motion for a preliminary injunction.

Additionally, contrary to Moving Defendants' assertions that the TRO "effectively freezes Defendant's online account and prevents lawful business activities," while the Moving Defendants' infringing product listings were deactivated, the nine (9) eBay stores operated by Moving Defendants were not. As of November 5, 2025, all of the Moving Defendants' eBay stores and accounts are still active and are still selling products. Moving Defendants' allegations that they are "suffering substantial financial losses estimated at $2,000 to $4,000 a day" is both unsubstantiated and highly unlikely. There is currently only $2,015.66 frozen, cumulatively, for all Moving Defendants.

Furthermore, discovery in this matter is ongoing, and Plaintiff has yet to ascertain the extent of Moving Defendants' counterfeit operations. Given that the individual filing on behalf of Moving Defendants operates *at least* nine (9) stores, it is likely that it is operating additional eBay (and potentially other marketplaces) stores through which it could be selling products which infringe Plaintiff's intellectual property.

### D. Plaintiff has shown good cause as to why the TRO should have been extended under Fed. R. Civ. P. 65(b)(2)

Moving Defendants also argue that Plaintiff has not shown good cause to extend the TRO under Fed. R. Civ. P. 65(b)(2). However, this Court has already found that good cause to extend the TRO exists, in granting Plaintiff's Motion to Extend the TRO. [30]. Namely, Plaintiff needed additional time to effectuate compliance of the TRO. [28] at p. 1. Specifically, for the Moving

5

Defendants, the terms of the TRO have not yet been effectuated, as Moving Defendants have not fully complied with this Court's order, requiring each Defendant "within fourteen (14) days after receiving notice of this Order [to] serve upon Plaintiff a written report under oath providing: (a) their true name and physical address, (b) all websites and online marketplace accounts on any platform that they own and/or operate, (c) their financial accounts, including all financial accounts, and (d) the steps taken by each Defendant to comply with paragraph 1, a through g, above." [24] at ¶ 2. As such, good cause to extend the TRO was both shown by Plaintiff and found by this Court.

II. **THE COURT SHOULD STRIKE DEFENDANTS' MOTIONS FOR FAILURE TO ABIDE BY SEVENTH CIRCUIT PRECEDENT**

    A. **Moving Defendants are a partnership, which cannot proceed before this Court on a *pro se* basis**

It is well-established that corporations, limited liability companies, and partnerships cannot represent themselves in court. *Rowland v. California Mens' Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02, 113 S. Ct. 716, 721, 121 L. Ed. 2d 656 (1993) (stating that "it has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel."); *see also United States v. Hagerman*, 545 F.3d 579, 582 (7th Cir. 2008) (explaining that "a corporation", "a limited liability company" and "a partnership" must each be denied "the privilege of *pro se* litigation.") Artificial or legal entities cannot represent themselves *pro se*. *Scandia Down Corp. v. Euroquilt, Inc.*, 772 F. 2d 1423, 1427 (7th Cir. 1985) ("A corporation must appear by counsel, or not at all." . . . . "A 'corporation' is an abstraction, and abstractions cannot appear *pro se*"). As such, in order for a legal entity to file any motion before a court, it must obtain counsel to do so.

Here, the Moving Defendants form a partnership, and so they are not entitled to *pro se* representation. The list below details the names of the individuals and companies to whom each

eBay account for Moving Defendants is registered, as well as the respective addresses for each, all of which was provided by eBay in response to Plaintiff's subpoena:

| Moving Defendant / eBay Store | Registered Individual Name | eBay Company Name | Registered User Address |
|---|---|---|---|
| 2. abdellaha-61 | ABDELLAH ALOUANI | ABDELLAH ALOUANI | QUT ASFET SERHANI RUE 1 N 101 BENI MELLAL, BENI MELLAL 23000 Morocco |
| 3. aitosra0 | HMAD AITOSRAE | AITOSRAE VINTAGE | RUE MLY HICHAM GR 4 BLOC B NO 89 SETTAT, BERRECHID 26100 Morocco |
| 6. aziza-54 | AZIZ AITOUG | AZIZ AITOUG | 1785 HAY FALFOUL NOUSI BLOC C MEKNES, FES 30000 Morocco |
| 31. handcraft-0 | OMAR AOUJIG | HANDMADE BY IMRAN | BOULEVARD LALA KHADIJA NO 145 AHFIR,AHFIR 63052 Morocco |
| **37. khaelo-15** | KHAIRI ELOUANO | ELOUANO HANDCRAFTED | 184 BD MAJD OUASSIM 2EME ETAGE SEFROU, SEFROU 31000 Morocco |
| 55. masnoulha_0 | RAWAN MASNOUL | DRIOUA HANDCRAFTED | QUT SOUMAA RUE 3 N 98 BENI MELLAL, BENI MELLAL 23000 Morocco |
| 60. mohrahm_47 | MOHAMED RAHMOUNI | MOHAMED RAHMOUNI | A.V MOHAMED AHANSAL N5, GUERCIF 35100 Morocco |
| 88. rhassane_0 | LOUTFI RHASSANE | RHASSANE HANDCRAFTED | AVENUE DAHMANI KHORA BLOC D NR 395, BERRECHID 26100 Morocco |
| 91 samihf0 | SAMIH FEGHOUJ | SAMIH FEGHOUJ | FALLAH 3 TR K RUE 73 NR 257 AHL NASSIM, GUELMIM 81000 Morocco |

Not only do none of the Moving Defendants share the same registered users, addresses, or company names, none of the individual names above match the filer of Moving Defendants' Motion, Dalil Medouki. Moving Defendants could only appear and make filings on a *pro se* basis if each store were operated as sole proprietorships, *i.e.*, they were all registered to the same individual.

Because Moving Defendants form a partnership, Plaintiff respectfully requests that this Court strike the *pro se* appearance, the pending Motion, and any other filings made by Moving Defendants. *See* [27], [31], [33], and [38]. In the absence of an appearance on behalf of the Moving Defendants by counsel, the Court cannot consider motions or other filings submitted on behalf of the Moving Defendants *pro se* or by a non-attorney. The Moving Defendants must retain counsel if they intend to participate in this case.

7

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that Moving Defendants' Motion be denied in its entirety, and that the injunctive relief previously granted remain in place.

Dated: November 5, 2025

Respectfully submitted,

*/s/ John J. Mariane*
Ann Marie Sullivan
Alison K. Carter
Gouthami V. Tufts
John J. Mariane

**SULLIVAN & CARTER, LLP**
111 W. Jackson Blvd., Ste. 1700
Chicago, Illinois 60604
www.scip.law
929-724-7529
j.mariane@scip.law

***ATTORNEYS FOR PLAINTIFF***

8