BC                                                                                                      11/11/2025

**UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS**

FILED
11/11/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| E.L.O. Corporation<br>Plaintiff<br>v.<br>DALIL MEDOUKI (eBay accounts: handcraft-0, aziza-54, samihf0, mohrahm_47, khaelo-15, rhassane_0, masnoulha_0, aitosra0, abdellaha-61)<br>Defendant | Case Number: 2025-cv-11452<br>Judge: Honorable Matthew F. Kennelly<br>Magistrate Judge: Honorable Albert Berry |

## DEFENDANT DALIL MEDOUKI'S RESPONSE TO COURT ORDER REGARDING OWNERSHIP AND PRO SE STATUS

Defendant Dalil Medouki respectfully submits this response to the Court's November 9, 2025 Order (Dkt. 41) directing him to provide evidence establishing that he is the **sole proprietor and operator** of the nine eBay accounts identified in that Order.

### I. Background

1. The nine accounts—**abdellaha-61, altosra0, aziza-54, handcraft-0, khaelo-15, mashoulha_0, mohrahm_47, rhassane_0, and samihf0**—are all fully operated and managed by Defendant Medouki.

2. Each account is registered under a different individual name because eBay applies **account-limit and selling-threshold policies** that restrict growth and create delays when one person manages large sales volumes under a single account. To streamline operations, Defendant arranged for acquaintances to register additional accounts, but he **maintains full operational control** of all listings, inventory sourcing, pricing, order fulfillment, and buyer communication.

3. These acquaintances **do not control or profit** from the business. They neither access the accounts nor share in any revenue. Their names appear only for registration purposes.

4. Funds from sales are received by Defendant Medouki who has full access to each account and uses the balances exclusively for purchasing inventory and covering business expenses.

## II. Legal Framework

Federal courts (including the Seventh Circuit) generally look to **state law** to define what a "partnership" is.
Illinois law and most U.S. jurisdictions follow the same rule under the **Uniform Partnership Act (805 ILCS 206/202(a)):**

> "A partnership is an association of two or more persons to carry on as co-owners a business for profit."

That short sentence carries **four key elements**:

1. **Two or more persons** — meaning more than one real individual or entity,

2. **Association by mutual agreement**,

3. **Carrying on as co-owners** — meaning they jointly run the business,

4. **For profit** — meaning they share profits and losses.

If any of those elements are missing, there is **no partnership.**

Under 805 ILCS 206/202, a partnership requires an association of two or more persons carrying on as co-owners of a business for profit. Mere use of another person's name on an e-commerce account, without shared control, shared profits, or shared decision-making, does not satisfy this standard

**Sole Proprietorship Under Illinois Law**:

The Illinois Supreme Court has made clear that "a sole proprietorship has no legal identity separate from that of the individual who owns it. The sole proprietor may do business under a fictitious name if he or she chooses.

However, doing business under another name does not create an entity distinct from the person operating the business." — Vernon v. Schuster, (1997).

Accordingly, even though the eBay accounts are registered under various names, they represent the same sole proprietorship operated entirely by Defendant Dalil Medouki. There are no partners, shareholders, or other owners, and all operations and liabilities are Defendant Medouki alone. Under Vernon v. Schuster, these accounts are legally part of the same sole proprietorship, allowing Defendant Medouki to appear pro se as the individual owner of these accounts.

## Prior Similar Proceedings Before the Same Presiding Judge

1. Defendant respectfully notes that in a prior, factually similar matter before this Court, where **The Honorable Matthew F. Kennelly** also served as the **presiding judge**, the same procedural and factual issues arose concerning a *pro se* defendant operating multiple eBay stores.

2. The case, *Bestway Inflatables & Material Corp. v. The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A Hereto*, Case No. **25-cv-00138 (N.D. Ill.)**, involved similar claims of trademark infringement and a request for a preliminary injunction against eBay accounts alleged to be selling infringing goods.

3. In that matter, a defendant **filed a *pro se* appearance** (Document 63) and later submitted a motion (Document 64) asserting that she was the **sole proprietor and operator of two eBay stores** listed in the Amended Schedule A. The plaintiff's counsel in that case here(**25-cv-00138**)—responded in substantially the same manner as in the present case(**25-cv-11452**), arguing that non-lawyer defendants could not represent "business entities."

4. In Plaintiff's response (**Document 79, Section III.A 25-cv-00138**), counsel wrote under the heading *"Non-Lawyer Pro Se Defendants Cannot Represent Business Entities"* that the defendant identified herself as the owner of the eBay stores "unogoo_trade05" and "usa-best-deal," which were listed as Defendants 27 and 28 in the Amended Schedule A. Counsel argued that these stores "cannot represent themselves, nor can a non-lawyer represent Defendant Nos. 27 and 28," and requested denial of the defendant's motion on that basis.

5. The defendant in Bestway case subsequently filed a response (**Document 94**) which stated "Defendant Sholamit Rubin, Appearing Pro Se as the Sole Proprietor and Operator of the eBay Stores unogoo_trade05 and usa-best-deal", referencing Ill. Admin. Code tit. 71, § 100.150 and attaching exhibits showing operational control of the stores.

6. The Court did not strike or deny the defendant's filings and permitted her to participate in the preliminary-injunction hearing as a pro se defendant and operator of both stores.
In its ruling, the Court specifically excluded the defendant's stores from the scope of the injunction, stating:
"The preliminary injunction motion 53 is granted to all defendants except for the following: BlueStars, entities controlled by Sholamit Rubin (unogoo_trade05; usa-best-deal)..."

(**Minute Entry, Document 108, Case No. 25-cv-00138, Mar. 24, 2025.**)


7. It is important to note that the defendant was **not dismissed prior to the hearing**; the denial of the preliminary injunction as to her stores was based on the Court's evaluation of the evidence, not on a voluntary dismissal. Following the Court's order, Plaintiff's counsel filed a **Certificate of Compliance** (**Document 110**) lifting the freeze on the defendant's accounts. The defendant remained an active party until April 22, 2025, when Plaintiff filed a ***Stipulation of Voluntary Dismissal with Prejudice* (Document 138)**.

8. At no stage did the Court express any doubt regarding the defendant's ability to appear *pro se* as a **sole proprietor**. The Court did not strike any of her filings and did not require additional proof of operational control beyond what the defendant voluntarily submitted. In her filings (**Document 94, pages 15–21 Case No. 25-cv-00138**), the defendant provided screenshots from within the eBay accounts showing January 2025 sales data and internal dashboards confirming operation of multiple accounts with different usernames and names ("Hi Shlomit" and "Hi Yevgeni" is written on top left of the eBay page on Page 15 and 16), all under her sole control.


9. **Similarly, in the present case (Case No. 1:25-cv-11452)**, Defendant **Dalil Medouki** has likewise provided exhibits clearly showing exclusive control over all eBay accounts at issue. As set forth in **Document 38**, Defendant demonstrated full access to the relevant sales data, account-management interfaces, and funds information for each account identified in Plaintiff's filings.

10. These records confirm that Defendant Medouki personally manages each account and associated payment platform, consistent with his status as a **sole proprietor**, exactly as recognized by this Court in the *Bestway* matter.

**Additional notes**

1. Defendant further states that he can provide the Court with additional documentary proof demonstrating full operational and financial control of the accounts in question. Specifically, Defendant can submit screenshots and records showing his exclusive access to the eBay accounts, associated payment-processing accounts (Payoneer), and full access to related email addresses of accounts if the court will request those. Because these materials contain sensitive personal and financial data, Defendant respectfully requests permission to **file such materials under seal** pursuant to Local Rule 26.2 (If it's possible to file documents under seal in the Pro se submission form), so that they are viewable only by the Court and not accessible to the public or other parties. Or alternatively If the Court prefers, Defendant can also send the sealed materials directly to chambers by secure email, solely for judicial review, subject to the Court's discretion and instruction if asked by the court.

2. Defendant respectfully further submits that the **Temporary Restraining Order should be dissolved**. The TRO has already been **extended multiple times ex parte**, despite Defendant's efforts and filings requesting participation and providing full documentation of his status and control. These repeated extensions have exceeded the fourteen-day limit contemplated by Rule 65(b) of the Federal Rules of Civil Procedure and have continued **for over thirty days** without an adversarial hearing, for a TRO that was initially granted on 9th of October with closest hearing as of now on November 18, which will be 40 days after TRO was initially granted. During this time, Defendant's business funds have remained frozen, causing substantial and ongoing financial harm. As of the date of this filing, the restrained funds amount to approximately **$40,000 in losses** from legitimate, unrelated sales. Continuing the TRO under these circumstances imposes severe prejudice upon Defendant and goes beyond what is necessary to preserve the status quo and putting the accounts under risk of suspension from eBay for not fulfilling orders in time.

3. In addition, following the filing of **Document 38**, Defendant made multiple good-faith efforts to resolve this matter directly with Plaintiff's counsel without further burdening the Court. Beginning on **November 6, 2025**, Defendant sent several emails to all counsel listed on Plaintiff's filings — including **attorney@scip.law**, **g.tufts@scip.law**, **am.sullivan@scip.law**, and

**j.mariane@scip.law** — as identified in the "Proposed Preliminary Injunction Order." Defendant also made multiple phone calls to Plaintiff's law firm, left a voicemail message, and received no response. As of the date of this filing, no attorney for Plaintiff has contacted Defendant or responded to his attempts to confer in good faith since November 6th 2025.

**Notice Regarding Filing Timing**

Defendant respectfully notes that this filing is being submitted on **November 11, 2025**, one day prior to the Court's deadline of three business days to respond to the Court's directive in Document 41.

Defendant further explains that due to the **processing times of the Pro Se Submission Team**, electronic filings submitted through the pro se system may be **entered into the official docket several days after initial transmission**. This occurred previously with **Document 31**, which Defendant submitted on **October 19, 2025,** even before plaintiff filed an **EX PARTE MOTION TO EXTEND THE TEMPORARY RESTRAINING ORDER(document 28) on October 20, 2025.**

The Document of the defendant was entered on the docket only on **October 23, 2025**.

As a result of that delay, Defendant was unable to participate in the initial hearing before the Court, during which the **TRO extension was granted ex parte** and the scheduled hearing was vacated as reflected in the **Minute Entry (Document 30)** dated **October 21, 2025**. Defendant therefore respectfully requests that this filing be deemed timely as of the date of submission, November 11, 2025.

For these reasons, Defendant **respectfully requests that the Court:**

1. **Confirm Defendant's status as a sole proprietor** and allow him to continue appearing *pro se* pursuant to 28 U.S.C. § 1654;

2. **Dissolve or decline to extend the Temporary Restraining Order and preliminary injunction** as to Defendant's accounts, or, in the alternative, limit its scope to any specifically identified listings supported by evidence in document 38;

3. **Grant leave to file sensitive exhibits under seal** pursuant to Local Rule 26.2(if court requests additional proof of operating accounts); and

4. **Grant such other and further relief as the Court deems just and proper.**

**Respectfully submitted,**
**DALIL MEDOUKI**
**eBay Accounts: handcraft-0, aziza-54, samihf0, mohrahm_47, khaelo-15, rhassane_0, masnoulha_0, aitosra0, abdellaha-61**
**AVENUE IB DAOUD SERGHINI BLOC D NR 195, YOUSSOUFIA, Morocco, 46300**
**0656414904**
**sol686734@gmail.com**

*Dalil*

11/11/2025